# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| KENNETH CLAY, | : |
| Petitioner, | : |
| v. | : No. 4:17-cv-00105-CDL-MSH |
| JODY DILLARD,<br>Chief Probation Officer, | : |
| Respondent. | : |

## ORDER

Petitioner Kenneth Clay has filed two motions for leave to appeal *in forma pauperis* in this action. Mot. for Leave to Appeal *In Forma Pauperis*, Oct. 15, 2018, ECF No. 78; Mot. for Leave to Appeal *In Forma Pauperis*, Nov. 6, 2018, ECF No. 79. Petitioner has also filed a document (ECF No. 75), which the United States Court of Appeals for the Eleventh Circuit has construed as a tolling motion for reconsideration. *See Clay v. Dillard*, Case No. 18-14253-E (11th Cir. Nov. 1, 2018).

With regard to the construed motion for reconsideration, under the Local Rules, motions for reconsideration are not to "be filed as a matter of routine practice" and generally must be filed within fourteen days of entry of the order for which reconsideration is sought. M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F.

Supp. 2d 1336, 1337 (M.D. Ga. 2013).

Here, Petitioner objects that the United States Magistrate Judge closed the case without considering Petitioner's motions for reconsideration. Brief 1, Oct. 18, 2018, ECF No. 75. Petitioner's motions for reconsideration (ECF Nos. 62 and 63[1]), however, were construed as objections to the Magistrate Judge's Report and Recommendation and were considered by this Court in deciding whether to adopt the Magistrate Judge's Report and Recommendation and dismiss the petition. *See* Order, Sept. 28, 2018, ECF No. 67 ("The Court considered Petitioner's objections to the Report and Recommendation, which the Petitioner describes as a motion for reconsideration, and finds that they lack merit."). Thus, to the extent that Petitioner is seeking reconsideration through ECF No. 75, he has not identified any basis for reconsideration and that motion is **DENIED**.

With regard to Petitioner's motions for leave to appeal *in forma pauperis*, the United States Magistrate Judge found that Petitioner had not made a substantial showing of the denial of a constitutional right and recommended that this Court deny a certificate of appealability in its final order. R. & R. 7, ECF No. 61. Thereafter, this Court adopted the Magistrate Judge's Report and Recommendation, including the recommendation that a certificate of appealability be denied. Order Adopting R. & R., ECF No. 67.

Petitioner attached to his first motion for leave to appeal *in forma pauperis* (ECF No. 78) a "motion for reconsideration," which presents due process and equal protection arguments identical to those raised in his earlier motions for reconsideration. As noted

---

[1]These two documents raised identical issues, and thus, they are addressed together.

above, this Court considered those arguments and found that they lack merit. To the extent that Petitioner presents them to ask the Court to reconsider its previous order, Petitioner has again not identified a basis for reconsideration. *See Fla. Found. Seed Producers*, 977 F. Supp. 2d at 1337. Likewise, Petitioner does not identify any basis in his second motion for leave to appeal *in forma pauperis* (ECF No. 79) for granting a certificate of appealability. Accordingly, a certificate of appealability has been, and remains, **DENIED**.

Finally, because Petitioner has been denied a certificate of appealability, his motions to proceed *in forma pauperis* on appeal are also **DENIED** as **MOOT**.

**SO ORDERED**, this 7th day of November, 2018.

    s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA